IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ZELDA RENETTE HOLDER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:17-CV-318-VEH |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER, SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

Plaintiff Zelda Renette Holder ("Holder") brings this action under 42 U.S.C. § 405(g). Holder seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for supplemental security income ("SSI"). Holder filed her application on October 4, 2013. (*See* Tr. 14). After that, Holder exhausted the administrative remedies available before the Commissioner. This case is now ripe for judicial review under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

Holder appeals the ALJ's decision on three different grounds. After reviewing the entire record and the arguments set forth, this Court **AFFIRMS** the

Commissioner's decision.

## II.  RELEVANT BACKGROUND

Holder "was 44 years old . . . on the date the application was filed" (Tr. 22). Her past relevant work includes being "a cleaner/housekeeper . . . laundry worker, [and] fast food worker and cashier." (*Id.*). The amended alleged onset date is May 1, 2011. (*Id.* at 14). On October 4, 2013, Holder applied for SSI. (*Id.*). The Social Security Administration denied that application on January 3, 2014. (*Id.*). On July 22, 2015, Administrative Law Judge Frank M. Klinger held a hearing in Anniston, Alabama. (*Id.*). The ALJ issued his decision on September 22, 2015, which was unfavorable to Holder. (*Id.* at 23). The ALJ determined that Holder suffers from numerous severe impairments but found that her impairments did not meet the severity of the ones included in the Code of Federal Regulations. (*Id.* at 16). The ALJ also determined that Holder could still perform substantial gainful activity. (*Id.* at 22). Holder requested the Appeals Council review her claim. (*Id.* at 1-4). They refused. (*Id.*).

Holder filed her Complaint in the Northern District of Alabama on February 27, 2017. (Doc. 1). She filed her brief in support of her Complaint on December 11, 2017. (Doc. 14). The Commissioner responded on January 8, 2018. (Doc. 16). Holder replied on January 17, 2018. (Doc. 17). The Court has considered the parties'

arguments and the record.

## III. STANDARDS

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has

been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

> (1) whether the claimant is currently employed;
>
> (2) whether the claimant has a severe impairment;
>
> (3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
>
> (4) whether the claimant can perform his or her past work; and
>
> (5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## V. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After considering the record, the ALJ made the following findings:

5

1. The claimant has not engaged in substantial gainful activity since October 4, 2013, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: sinusitis/allergic rhinitis, irritable bowel syndrome (IBS), mitral valve prolapse (MVP), migraine headache disorder, gallstones, gastric outlet obstruction, gastric/stomach ulcers healing with nausea and pain status post upper endoscopy, mild dysplasia of the cervix, osteopenia, premenstrual syndrome (PMS), degenerative disc disease of the lumbar and cervical spine, major depressive disorder, and anxiety disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). She can understand, remember, and carry out simple instructions but not detailed ones. She can sustain attention to routine and familiar tasks for extended periods. She must avoid close coordinated work with others, excessive workloads, quick decision-making, rapid changes and multiple demands. Contact with the public should be non-intensive and limited. Feedback should be supportive and non-confrontational. Contact with a few supportive coworkers should be casual. Claimant would be expected to have occasional (less than 1/3 of the time per month) conflicts with coworkers. Additionally, claimant can adapt to infrequent well-explained changes (Exhibit 4A Dr. Roque).

5. The claimant is capable of performing past relevant work as a cleaner/housekeeper (DOT 323.687-014), laundry worker, fast food worker and cashier, all performed at the light unskilled exertional level, along with many other jobs existing in significant numbers in the national economy, examples of which

> were stated by the vocational expert on the record. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since October 4, 2013, the date the application was filed (20 CFR 416.920(f)).

(Tr. 16-23) (emphasis omitted).

## VI. ANALYSIS

### A. The ALJ's Decision Is Supported by Substantial Evidence

Holder's <u>first</u> argument is that "[t]he finding that [she] can perform her past work is not supported by substantial evidence and is not in accordance with proper legal standards." (Doc. 14 at 2); (*id.* at 23-29). She argues that "[t]he ALJ did not consider all of the duties of [her] past work and evaluate [her] ability to perform those duties in spite of those impairments." (*Id.* at 24). She relies on several district court and Eleventh Circuit cases. (*Id.* at 24-26) (citing sources).

In response, the Commissioner notes that "[t]he ALJ determined the requirements of [Holder's] past relevant work by calling a [vocational expert]." (Doc. 16 at 7). The vocational expert specifically discussed the housekeeping job. (Tr. 40-44). The ALJ included the housekeeping job in his opinion. (*Id.* at 22-23). The Commissioner also notes that Holder filled out a work history report. (*See* Doc. 16

at 7) (citing Tr. 187-90). That work history report is included in the record. (Tr. 187-94). It includes questions about the duties and demands of Holder's jobs. (*Id.*).

Holder argues that *Nelms v. Bowen* and *Schnorr v. Bowen* control.[2] (*See* Doc. 14 at 26-28) (citing *Nelms v. Bowen,* 803 F.2d 1164, 1165 (11th Cir. 1986); *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987)). *Nelms* stands for the idea that "[i]n the absence of evidence of the physical requirements and demands of appellant's work the ALJ could not properly determine that she retained the residual functional capacity to perform it." *Nelms*, 803 F.2d at 1165. Similarly, *Schnorr* stands for the idea that "[w]here there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work." *Schnorr*, 816 F.2d at 581.

The Commissioner cites to the Eleventh Circuit in *Waldrop*. (Doc. 16 at 8) (citing *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010)). That case states, in relevant part:

> Because the record demonstrates that the ALJ considered the DOT and the VE's testimony, Waldrop's claim that the ALJ failed to adequately

---

[2] Holder also cites to *Lucas v. Sullivan* for essentially the same idea as *Schnorr* and *Nelms*. (Doc. 14 at 26) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n. 3 (11th Cir. 1990)).

8

develop the record lacks merit. Moreover, even if the ALJ erred by failing to ask additional questions about the physical demands posed by Waldrop's past work as a human resources clerk, this error did not prejudice Waldrop, as Mancini's expert testimony demonstrated that Waldrop could perform this job as it is performed in the general economy.

*Waldrop*, 379 F. App'x at 953.[3] This Court agrees with this logic. The ALJ properly developed the record surrounding Holder's employment as she performed it because he had a work history report (Tr. 187-94), the benefit of a hearing where Holder was represented by counsel who could develop this record (*id.* at 14), the help of an impartial vocational expert (*id.* at 14),[4] and he relied on the Dictionary of Occupational Titles (*id.* at 22-23). Additionally, "[w]hile [claimant] points out that the record contains limited information concerning her duties [in her past relevant

---

[3] Holder argues that "*Waldrop* is not binding authority." (Doc. 17 at 4) (emphasis omitted). She is correct, but the Court is persuaded by *Waldrop* none the less. Further, the Court in *Waldrop* cited to the *Schnorr* decision. *See Waldrop*, 379 F. App'x at 953.

[4] The Code of Federal Regulations states that:

A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. §416.960(b)(3) (emphasis added).

work], it is the claimant's burden to demonstrate not only that she can no longer perform her past relevant work as she actually performed it, but also that she can no longer perform this work as it is performed in the general economy." *See Waldrop*, 379 F. App'x at 953 (emphasis added).

Further, the Commissioner argues that it is enough that the ALJ could determine that "[Holder] could perform her past relevant work as a housekeeper as it is generally performed." (Doc. 16 at 6). Holder's own brief concedes that "a claimant can return to past relevant work if she can perform the specific job she performed, either in the manner she performed it, or as it is usually performed in the national economy." (Doc. 17 at 3) (emphasis omitted) (citing SSR 82-61; *Dudley v. Apfel*, 75 F. Supp. 2d 1381, 1382 (N.D. Ga. 1999)).[5] This cuts against Holder's more general argument that would hold the ALJ to a more stringent requirement of determining precisely how Holder actually did her work in the past. (*See* Doc. 14 at 24) (arguing that a case was "directly on point where . . . the ALJ did not develop the particulars of Plaintiff's past relevant work") (emphasis omitted). Here, the ALJ determined that Holder could perform her past relevant work as it is "actually and

---

[5] *Dudley* states that " Social Security Ruling 82–61 provides that a claimant can return to past relevant work if she can perform the specific job she performed, either in the manner she performed it, or as it is usually performed in the national economy." *Dudley*, 75 F. Supp. 2d at 1382.

generally performed." (Tr. 22). To the extent that the ALJ did not take a deep enough dive into how Holder actually did her job, he clearly made an additional finding that she could perform that work <u>as people normally perform it</u>. (*See id.*).

However, the Court will assume for the moment that the ALJ erred in developing the record as to whether Holder could perform her past relevant work. The ALJ still properly determined that Holder could perform "other jobs that exist in significant numbers in the national economy." (Tr. 22); *see Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (noting that the ALJ advances to Step Five if the claimant cannot do past relevant work at Step Four).[6] Thus, if the ALJ made an error at Step Four at all, it was harmless. *Cf. Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). This Court agrees with those district courts positing that "[w]hen an ALJ has committed error at step four, it may be harmless error if his alternative finding at step five is correct." *See Frizzo v. Astrue*, No. 6:11-cv-1318-ORL-31TEM 2012 WL 3668049, *12 (M.D. Fla. Aug. 7, 2012) (citing another source); *Mann v. Comm'r of Soc. Sec.*, No. 6:12-cv-1276-Orl-GJK, 2013 WL 4734822, *3 (M.D. Fla. Sept. 3, 2013) (citing another source).

In conclusion, Holder's first argument fails. The ALJ's finding at Step Four is

---

[6] The Court also notes that a "[claimant has] the burden to prove her inability to perform her past relevant work." *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)). Holder simply has not met this burden.

11

supported by substantial evidence. Even if the ALJ did err at Step Four, that error was harmless because he made a proper Step Five determination. For the aforementioned reasons, Holder's first argument is **DENIED**.

## B. There Is no Reversible Error in the ALJ's Treatment of Dr. Storjohann

Holder's second argument is that "[t]he ALJ failed to accord proper weight to the opinion of Dr. Storjohann, the consulting pyschologist for the Commissioner. The ALJ failed to state with at least 'some measure of clarity' grounds for [the] Decision in repudiating the opinion of an examining psychologist." (Doc. 14 at 29); (*id.* at 29-41).

The first prong to this argument is that "by considering Dr. Storohann's evaluation, the ALJ reopened the prior claim." (*Id.* at 29) (capitalization and emphasis omitted). The Commissioner argues that this argument is "mistaken." (Doc. 16 at 10). The Court agrees.

Here is the relevant rule on re-opening a prior decision:

> Generally, a final decision by the Secretary will be deemed reopened if it is "reconsidered on the merits to any extent and at any administrative level" *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir.1985); *Hall v. Bowen*, 840 F.2d 777, 778 (11th Cir.1987). The ALJ, however, must be allowed some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case pursuant to 20 C.F.R. §§ 404.988, 404.989. *Hall*, 840 F.2d at 778; *Cherry*, 760 F.2d at 1189. Specifically,

this court has held that an ALJ does not reopen a prior final decision when the ALJ evaluates evidence presented in support of the original application solely to make a reasoned determination of its *res judicata* effect on the second application. *Cherry*, 760 F.2d at 1189. Alternatively, this court has suggested that the Secretary's final decision will be deemed reopened if the ALJ does not apply *res judicata* and bases an ultimate determination on a review of the record in the prior application. *Cherry*, 760 F.2d at 1189 (citing with approval *Brown v. Heckler*, 565 F.Supp. 72, 74 (E.D.Wis.1983)).

*Passoulos v. Sullivan*, 976 F.2d 642, 645-46 (11th Cir. 1992). In this case, the ALJ stated that:

> However, little weight is assigned to the earlier assessment conducted by Dr. Storjohann, which found the claimant with moderate deficits in her ability to understand, carryout, and remember instructions with a poor prognosis in terms of improvement, as while the undersigned does find that the claimant has not continued regular treatment, she has, despite such lack of treatment[, ]found to be mentally stable. That assessment was done well prior to the period of time that we adjudicate and was considered in the prior decisions of the SSA (Ex. 2F).

(Tr. 21). This statement merely noted an inconsistency and, more importantly, noted how the opinion had already been considered previously. (*See id.*); (*see also* Doc. 16 at 11).

As far as the Court can discern, the second prong of Holder's argument is that the ALJ wrongly went with his own opinion over Dr. Storjohann's. (*See* Doc. 14 at 33-40). The Commissioner urges this Court to find that this argument is waived because Holder "merely alludes to these arguments, making large block quotes from

13

case law, rather than actually explaining why she believes the ALJ committed any error." (Doc. 16 at 11). The Commissioner is right. Holder's argument is filled to the brim with case citations, but it is fatally deficient in any analysis applying that law to her situation. (*See* Doc. 14 at 33-40).

To raise an issue before a district court, a party has to squarely define the issue and argue it appropriately with the requisite citations to the record. What is currently before the Court does not even come close to appropriately raising an issue. Without any analysis, an opposing party is almost completely at sea regarding what they are supposed to respond to. Holder's reply similarly contains no more illumination as to her theory on this issue. (*See* Doc. 17 at 6-8). The Eleventh Circuit has stated that "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) (citing other sources). The Court also notes that Holder is represented by counsel, so her arguments are not entitled to a liberal construction. *Cf. Alford v. Consolidated Government of Columbus, Ga.*, 438 F. App'x 837, 839 (11th Cir. 2011) (noting the leniency given to *pro se* litigants in pleadings).

Even still, the Commissioner went on to address why the ALJ properly treated Dr. Storojann's opinion. (*See* Doc. 16 at 11-13). The Commissioner argues that the

ALJ was correct "in discounting Dr. Storjohann's opinion" and that any error was harmless. (*See id.* at 12-13).[7] For the most part, there were unremarkable mental health findings. (*See id.* at 12-18) (citing Tr. 20, 21, 254, 257, 263, 287, 292, 295, 301, 304-05, 330, 332, 366, 379, 402). Included in both the ALJ's opinion and the Commissioner's brief is a discussion of Dr. Davis's consultative examination.[8] (Tr. 20-21); (Doc. 16 at 12). The ALJ was not wrong to credit Dr. Davis's examination when he found it to be consistent with the record as a whole. (*See* Tr. 20). While Dr. Davis noted some mental health issues, they were no more than "mild-to-moderate." (Tr. 306). Holder does not address Dr. Davis at all in her reply regarding her second argument. (*See* Doc. 17 at 5-8).

The Commissioner ends by noting that "[Holder] has failed to show any harm by the ALJ's consideration of Dr. Storjohann's opinion." (Doc. 16 at 13). Holder never responded to this argument either. (*See* Doc. 17 at 5-8).

In conclusion, Holder's second argument is **DENIED**.

---

[7] The Commissioner also argues that "[m]edical opinions from consultative examiners are not entitled to any deference" and that Dr. Storjohann was a consultative examiner. (*See* Doc. 16 at 9-10) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); (Tr. 242-46)).

[8] This evaluation is included at Tr. 303-06.

## C. There Is no Reversible Error in the Appeals Council's Treatment of the Evidence

Holder's third argument is that "[t]he Appeals Council failed to review new submissions dated before the date of the ALJ decision which were new, material, and chronologically relevant." (Doc. 14 at 2); (*id.* at 41-55). The date of the ALJ's denial is September 22, 2015. (Tr. 23). After that date, Holder submitted records from the Cleburne Medical Clinic to the Appeals Council. (*See* Doc. 14 at 41). Those records are dated from November 15, 2013, to July 21, 2015. (*See id.* at 41-43). Holder assigns error to the following passage from the Appeals Council denial:

**What We Considered**

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 2) (emphasis added). The Cleburne Medical Clinic records were listed on the AC Exhibits List. (*Id.* at 5).

The cornerstone of Holder's argument is that *Epps* controls the outcome in this case. (Doc. 14 at 43) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). In

16

particular, the court in *Epps* stated that:

> Although the Appeals Council acknowledged that Epps had submitted new evidence, it did not adequately evaluate it. Rather, it perfunctorily adhered to the decision of the hearing examiner. This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case for a determination of Epps' disability eligibility reached on the total record. *Mann v. Gardner*, 380 F.2d 182, 187 (5th Cir. 1967).

*Epps*, 624 F.2d at 1273 (italics added). Similarly, in this case, Holder argues that the Appeals Council's "review is purely conclusory, and it epitomizes 'perfunctory adherence' to the ALJ decision." (Doc. 14 at 45).

The Commissioner disagrees with Holder's position and rightfully so. (Doc. 16 at 13-14). *Mitchell* explains the relevant law:

> Next, Mitchell argues that when the Appeals Council denied his request for review, it was required to provide a discussion of the new evidence he submitted to it. In support of his argument, Mitchell relies on this Court's decisions in *Mann v. Gardner*, 380 F.2d 182 (5th Cir.1967); *Epps v. Harris*, 624 F.2d 1267 (5th Cir.1980); and *Bowen v. Heckler*, 748 F.2d 629 (11th Cir.1984). Nothing in *Mann*, *Epps*, or *Bowen*, however, requires the Appeals Council to provide a detailed discussion of a claimant's new evidence when denying a request for review.
>
> . . .
>
> Mitchell contends the Appeals Council failed to evaluate his new evidence, but the record demonstrates otherwise. As in *Ingram*, the Appeals Council accepted Mitchell's new evidence but denied review because the additional evidence failed to establish error in the ALJ's decision. *See* [*Ingram v. Commissioner of Social Security*, 496 F.3d

17

> 1253, 1262 (11th Cir.2007)] On this record, we are confident the Appeals Council adequately evaluated Mitchell's new evidence. The Appeals Council, moreover, was not required to provide a detailed rationale for denying review.

*Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 782-83 (11th Cir. 2014) (internal footnote omitted). Again, "*Epps* therefore does not speak to or control the instant case, which involved the Appeals Council's denial of a request for review." *Id.* at 783. Holder's argument is without merit. Further, the Court notes that, in her reply, Holder completely failed to reply to the Commissioner's arguments on this point. Holder might not agree with binding Eleventh Circuit precedent, but she at least has to acknowledge its existence. Failure to do so is inconsistent with a spirit of candor towards the Court.

Holder also cites to *Washington* for the proposition that "when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." (Doc. 14 at 50) (emphasis omitted) (citing *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317 (11th Cir. 2015)). However, as the very text of the Appeals Council's denial states, that evidence was considered. Accordingly, this argument is without merit.

For the aforementioned reasons, Holder's third argument is **DENIED**.

## VII. CONCLUSION

The Court has considered the record, and the parties' arguments. In sum, there is no ground to disturb the ALJ's opinion. Accordingly, the decision of the Commissioner is due to be, and hereby is, **AFFIRMED**. The Court will enter the appropriate final order.

**DONE** and **ORDERED** this 18th day of April, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge